UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Johnathan Pinney, )
)
    Plaintiff, )
)
v. )   Civil Action No. 19-3842 (UNA)
)
United States Supreme Court *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

    This matter, brought *pro se* by an Arkansas state prisoner, was transferred from the United States District Court for the District of Arkansas. It is before this Court on review of plaintiff's motion for leave to proceed *in forma pauperis* (IFP) and his complaint. The IFP application will be granted, and this case will be dismissed.

    A district court must immediately dismiss a prisoner's complaint upon determining that it, among other enumerated grounds, fails to state a claim upon which relief can be granted or is brought against an immune defendant. 28 U.S.C. § 1915A. Plaintiff has sued the United States Supreme Court and its Clerk of Court for returning his submission unfiled. *See* Compl. Attachment [Dkt. # 2, ECF p. 43]. He seeks injunctive relief and "redress of gross injuries." Compl. at 4.

    The Supreme Court "has inherent [and exclusive] supervisory authority over its Clerk." *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam). Therefore, "a lower court may [not] compel the Clerk of the Supreme Court to take any action." *Id.*; *see Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980) ("It seems axiomatic that a

lower court may not order the judges or officers of a higher court to take an action."). Nor can a lower court "review orders of the Supreme Court or direct the Court to take any action." *In re Lewis*, No. 99-5015, 1999 WL 150347, at *1 (D.C. Cir. Feb. 26, 1999) (citing *In re Marin*, 956 F.2d at 340) (other citation omitted)); *see accord Caprice v. United States*, No. 11-cv-0535, 2011 WL 902128, at *1 (D.D.C. Mar. 14, 2011) (noting that this district court "has no authority to determine what action, if any, must be taken by the Justices of the Supreme Court and the Supreme Court's administrative officers with respect to plaintiff's petition" for a writ of certiorari).

In addition, "the Supreme Court Clerk and Clerk's office staff enjoy absolute immunity from a lawsuit for money damages based upon decisions [such as alleged here] falling within the scope of their official duties." *Miller v. Harris*, 599 Fed. App'x 1 (D.C. Cir. 2015) (per curiam) (citing *Sindram v. Suda*, 986 F.2d 1459 (D.C. Cir. 1993) (per curiam)); *see Reddy v. O'Connor*, 520 F. Supp. 2d 124, 130 (D.D.C. 2007) (actions consisting of the denial of a petition for a writ of certiorari and the Deputy Clerk's refusal to file documents concerning a subsequent petition "are quintessentially 'judicial' in nature because they are 'an integral part of the judicial process'") (quoting *Sindram*, 986 F.2d at 1460-61). Therefore, this case will be dismissed with prejudice. *See Fletcher v. Harris*, 790 Fed. App'x 220 (D.C. Cir. 2020) ("The district court correctly denied appellant's motion for injunction and dismissed the case with prejudice, because appellant's claim for money damages against the Clerk of the Supreme Court was barred by absolute immunity."). A separate order accompanies this Memorandum Opinion.

Date: February 25, 2020

United States District Judge